UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW
JERSEY

| | |
|---|---|
| MIGUEL A. OTERO | : Civil Action No. |
| Plaintiff, | : Hon. _____ |
| | : COMPLAINT |
| vs. | |
| | : A Jury Trial is Demanded |
| CITY OF NEW BRUNSWICK, NEW BRUNSWICK POLICE DEPARTMENT AND POLICE OFFICER GREGUS AND SERGEANT MIDDLETON | |
| Defendants. | |

Plaintiff Miguel A. Otero brings this action to redress violations of his civil and legal rights under federal and New Jersey State law, and allege as follows:

## NATURE OF THE CASE

On September 2, 2008, plaintiff MIGUEL OTERO was accosted, detained, and arrested by defendants during an encounter that occurred on the streets of New Brunswick wherein the involved Officers were inquiring as to the whereabouts of his brother. The illegal search, seizure, and subsequent arrest of Mr. Otero occurred without reasonable cause or provocation. Mr. Otero was subsequently transported to the New Brunswick Police Department. While there, he remained handcuffed and as a result of a verbal dispute between he and Sergeant Middleton he was struck in the jaw. Defendant Sergeant Middleton utilized excessive force while the defendant was in custody and clearly hand-cuffed. Criminal Complaints were filed against Mr. Otero and those charges were no billed by a Middlesex County grand jury after the Grand jury had an opportunity to

hear from the plaintiff, Mr. Otero, as well as Defendant Sergeant Middleton.

## JURISDICTION

1. This Court has jurisdiction under 42 U.S.C. A. § 1983 in that defendants violated plaintiff MIGUEL A. OTERO'S civil rights under color of law.

2. This Court has jurisdiction over New Jersey State causes of action herein stated under principles of pendent jurisdiction.

## VENUE

3. Venue is this District is proper under 28 U.S.C. §1391 in that defendants NEW BRUNSWICK POLICE DEPARTMENT is administratively located within the District of New Jersey.

## NOTICE

4. Notice to THE CITY OF NEW BRUNSWICK AND THE NEW BRUNSWICK POLICE DEPARTMENT pursuant to N.J.S.A. 59:8-1 was timely filed.

## PARTIES

5. The term "individual defendants" as used herein refers to defendants CITY OF NEW BRUNSWICK, THE CITY OF NEW BRUNSWICK POLICE DEPARTMENT, POLICE OFFICER GREGUS SERGEANT MIDDLETON.

6. Plaintiff MIGUEL A. OTERO was at all times relevant a citizen of the State of New Jersey, residing in Middlesex County.

7. Defendant THE CITY OF NEW BRUNSWICK is and was at all times relevant a municipal corporation created and authorized under the laws of the State of New Jersey. It is authorized by law to maintain a police department, which acts as its agent, in the area of law enforcement, and for which it is ultimately responsible. Defendant THE CITY OF NEW BRUNSWICK assumes the risks attendant to the hiring

and training of NEW BRUNSWICK POLICE DEPARTMENT as said risk attaches to the public consumer of the services provided by members of the City of New Brunswick Police Department. Defendant THE CITY OF NEW BRUNSWICK was at all times relevant herein the public employer of the individual defendant Police Officer Langan.

8. During the course of the incident defendant Sergeant Middleton and Police Officer Gregus conducted themselves and identified themselves to plaintiff as a CITY OF NEW BRUNSWICK POLICE OFFICERS, exercising their authority as such to the detriment of plaintiff, and as an employee of The City of New Brunswick Sergeant Middleton assaulted and battered plaintiff MIGUEL A. OTERO, and caused the injuries complained of herein.

## CAUSES OF ACTION

9. Plaintiff incorporates by reference every allegations in this Complaint as if fully set forth in each cause of action below.

### FIRST:
### 42 U.S.C. §1983 DEPRIVATION OF CIVIL RIGHTS DEFENDANTS CITY OF NEW BRUNSWICK, NEW BRUNSWICK POLICE DEPARTMENT AND INDIVUDAL DEFENDANTS

10. In their conduct, THE CITY OF NEW BRUNSWICK, NEW BRUNSWICK POLICE DEPARTMENT and INDIVDUAL DEFENDANTS violated plaintiffs well established constitutional rights under 4th and 14th Amendments to be free of unreasonable seizure and search by persons acting under color of law.

### SECOND:
### 42 U.S.C. §1983 DEPRIVATION OF CIVIL RIGHTS DEFENDANTS CITY OF NEW BRUNSWICK, NEW BRUNSWICK POLICE DEPARTMENT AND INDIVUDAL DEFENDANTS

11. In their conduct, THE CITY OF NEW BRUNSWICK, NEW BRUNSWICK

POLICE DEPARTMENT and INDIVDUAL DEFENDANTS violated Plaintiffs well established constitutional rights under the 4th and 14th Amendments to be free of unreasonable, excessive, and unjustified force against his person by persons acting under color of law.

### THIRD:
### 42 U.S.C. §1983 DEPRIVATION OF CIVIL RIGHTS DEFENDANTS CITY OF NEW BRUNSWICK, NEW BRUNSWICK POLICE DEPARTMENT AND INDIVUDAL DEFENDANTS

12. At all times material to this complaint, Defendant CITY OF NEW BRUNSWICK, acting through the New Brunswick Police Department, had in effect de facto policies, practices, customs and usages that condoned and fostered the unconstitutional conduct of the defendant police officer Gregus and Sergeant Middleton, and were a direct and proximate cause of the damages and injuries complained of herein.

13. These policies, practices, customs and usages include, inter alia: (a) the failure to properly screen, train, supervise, and counsel (employees) in order to prevent the unjustified use of force; (b) the failure to meaningfully discipline, transfer, punish, or otherwise control (employees) engaged in the excessive and unjustified use of force.

### FOURTH;
### 42 U.S.C. §1983 DEPRIVATION OF CIVIL RIGHTS: LIABILITY OF DEFENDANT SERGEANT MIDDLETON

14. Defendant Middleton, as a state actor, conspired and confederated to deprive plaintiff MIGUEL A. OTERO of his civil rights, and he is thus liable under 42 U.S.C. §1983.

### FIFTH:
### ASSAULT AND BATTERY
### INDIVUDAL DEFENDANT

15. INDIVIDUAL DEFENDANT Sergeant Middleton of the New Brunswick Police Department deliberately and intentionally assaulted and battered Mr. OTERO,

causing serious physical and emotional injuries.

### SIXTH:

### INTENTIONAL, RECKLESS AND NEGLIGENT INFLICTION OF MENTAL AND EMOTIONAL PAIN INDIVIDUAL DEFENDANT

16. INDIVIDUAL DEFENDANT Sergeant Middleton consciously and willfully, with the intention of causing plaintiff severe emotional suffering in order to subjugate him to his authority, did in fact cause plaintiff severe and persistent emotional suffering.

17. Defendant's conduct was in extreme and outrageous violation of reasonable comportment and constituted intolerable behavior in society.

### SEVENTH:
### FALSE ARREST
### DEFENDANTS CITY OF NEW BRUNSWICK AND NEW BRUNSWICK POLICE DEPARTMENT AND INDIVIDUAL DEFENDANTS

18. Defendants CITY OF NEW BRUNSWICK POLICE DEPARTMENT and INDIVIDUAL DEFENDANTS arrested and detained plaintiff without legal cause or reason to do so.

### EIGHTH:
### NEGLIGENT HIRING, SCREENING, RETENTION, SUPERVISION AND TRAINING INDIVIDUAL DEFENDANTS

19. DEFENDANTS CITY OF NEW BRUNSWICK AND NEW BRUNSWICK POLICE DEPARTMENT negligently hired, screened, retained, supervised and trained INDIVIDUAL DEFENDANTS whose acts and conduct were the direct and proximate cause of the injuries and damage complained of herein.

20. As a result of the foregoing, Mr. OTERO was deprived of liberty, sustained great emotional injuries, and was otherwise harmed, damaged and injured.

## NINTH:
## RESPONDEAT SUPERIOR LIABILITY OF THE CITY OF NEW BRUNSWICK AND CITY OF NEW BRUNSWICK POLICE DEPARTMENT FOR STATE LAW VIOLATIONS

21. On information and belief, the misconduct of defendant Middleton occurred while he was acting as an agent, officer, servant and employee of defendant THE CITY OF NEW BRUNSWICK AND THE CITY OF NEW BRUNSWICK POLICE DEPARTMENT.

22. The injuries and damage complained of herein are attributable to defendant CITY OF NEW BRUNSWICK and THE CITY OF NEW BRUNSWICK POLICE DEPARTMENT under the doctrine of Respondeat Superior.

## TENTH:
## RESPONDEAT SUPERIOR LIABILITY DEFENDANT CITY OF NEW BRUNSWICK

23. At all times relevant INDIVIUDAL DEFENDANTS was acting within the scope of their duties as agents and employees of an in furtherance of the interests of defendants CITY OF NEW BRUNSWICK.

24. The injuries and damage complained of herein are attributable to defendant CITY OF NEW BRUNSWICK under the doctrine of Respondeat Superior.

WHEREFORE, plaintiff demands the following relief jointly and severally against all defendants:

A. Injunctive relief, in that this Court should compel defendant CITY OF NEW BRUNSWICK POLICE DEPARTMENT to control illegal searches and seizures.

B. Declaratory relief in that the Court should declare that the conduct of defendant CITY OF NEW BRUNSWICK, CITY OF NEW BRUNSWICK POLICE DEPARTMENT, Sergeant Middleton and Police Officer Gregus violated plaintiff's constitutional rights;

C. Compensatory damages;

D. Punitive damages;

E. Costs and interest and attorney's fees;

F. Such other and further relief as this Court may deem appropriate and equitable in the interests of justice.

Dated: September 1, 2010

*/s/ Owen Chambers*

Law Offices of Owen Chambers, LLC
75 Paterson Street
Ground Floor Suite 7
New Brunswick, N.J. 08901
(732) 579-8900